**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1755 and 19-1762
_____

WILLIAM DEFORTE,
                              Appellant in 19-1755

v.

BOROUGH OF WORTHINGTON; KEVIN FEENEY, Individually and as
Mayor of the Borough of Worthington; GERALD RODGERS,
Individually and as a Police Officer of the Borough of Worthington,
Jointly and Severally; JOSEPH R. ZANDARSKI
_____

WILLIAM J. DEFORTE,
                              Appellant in 19-1762

v.

COLONEL TYREE C. BLOCKER, Acting Commissioner of the
Pennsylvania State Police; CORPORAL JOSEPH R. ZANDARSKI,
Individually and as an Officer in the Pennsylvania State Police,
Jointly and Severally
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2-16-cv-00067 and 2-16-cv-00113)
Chief District Judge: Hon. Mark R. Hornak
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Thursday, September 24, 2020
_____

Before: AMBRO, PORTER, and ROTH, *Circuit Judges*.

(Filed: February 9, 2021)

_____

OPINION[*]
_____

PORTER, *Circuit Judge*.

William DeForte was fired as the Chief of Police of Worthington Borough in Pennsylvania. DeForte sued the Borough, several Borough officials, and Pennsylvania State Police officers, alleging that the defendants violated his civil rights under federal and state law. The District Court granted summary judgment to all defendants. For the reasons explained below, we will affirm the District Court.

## I

Because we write primarily for the parties, we recount only the facts necessary to our decision.

After DeForte's firing, and at the request of Borough officials, Joseph Murphy and Joseph Zandarski of the Pennsylvania State Police ("PSP") investigated a series of suspicious events that occurred during and after DeForte's tenure as Chief of Police. The PSP investigated: (1) firearms purchases and transfers that DeForte made as Chief of Police, (2) the disappearance of police radios during DeForte's tenure, (3) a theft of cash from the police evidence locker after DeForte was fired, and (4) a theft of DeForte's personal files after he was fired.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

As a result of the investigation, a local prosecutor charged DeForte with several theft-related crimes. The charges were eventually dropped.

DeForte then sued the Borough of Worthington, Borough officials, and PSP officials. DeForte asserted a fabrication-of-evidence claim under 42 U.S.C. §§ 1983 and 1988, and state-law claims for malicious prosecution and intentional infliction of emotional distress.[1] The District Court granted summary judgment to all defendants, and DeForte timely appealed.

## II[2]

DeForte argues that the District Court erred by (1) finding that there were no genuine disputes of material fact that precluded summary judgment, and (2) failing to alert DeForte to the deficiencies in his summary judgment briefing. We discern no error and will affirm the District Court.

## A

DeForte contends that the District Court usurped the jury's fact-finding role when it explained, in ten footnotes, that no genuine dispute of material fact remained. Because DeForte fails to adequately develop this argument, we will not consider it.

---

[1] DeForte filed two separate actions and brought additional federal claims under 42 U.S.C. §§ 1985 and 1986, and a state law claim for abuse of process. After consolidating the cases, the District Court dismissed those claims.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Chartis Prop. Cas. Co. v. Inganamort*, 953 F.3d 231, 234 n.4 (3d Cir. 2020). "[W]e will affirm a grant of summary judgment only if there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* Fed. R. Civ. P. 56(a).

To avoid summary judgment, a plaintiff "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted). To meet that standard, "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment[,]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986), and "cannot simply reassert factually unsupported allegations contained in its pleadings," *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

In addition, an appellant's "argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. App. P. 28(a)(8); *see also* 3d Cir. L.A.R. 28.3(c) (2011) ("All assertions of fact in briefs must be supported by specific reference to the record.").

DeForte fails to support his claim of error with citations to legal authority or facts in the record. The lack of record citations is particularly problematic here because DeForte maintains that the District Court ignored evidence that would create genuine disputes of material fact precluding summary judgment.

DeForte's argument contains twenty-three citations to the joint appendix. Approximately half of those citations are to the District Court's opinion and not facts in the record. DeForte fails to explain how the remaining citations are relevant to his legal claims. For example, DeForte submits that footnote four in the District Court's opinion ignored evidence that he was responsible for purchasing the Borough's firearms. To support this claim, DeForte generally cites to pages 175–248 of the joint appendix but

4

fails to explain how this fact has any bearing on his allegations that the defendants fabricated evidence, maliciously prosecuted him, or intentionally caused him emotional distress. He makes it impossible to conduct any meaningful review of his arguments.

"[A]bsent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065 (3d Cir. 1991). We see no extraordinary circumstances that could excuse DeForte's inadequate briefing. Thus, we reject his argument for failure to comply with federal and local rules of appellate procedure.[3]

**B**

Next, DeForte argues that the District Court erred by "fail[ing] to alert [DeForte's] counsel about the disastrous state of his responses to the [defendants' statement] of undisputed material facts." Appellant's Br. 19 (capitalization altered). He cites no legal authority for the proposition that the District Court is required to supervise his counsel's legal filings. And we are not aware of any such authority. A District Court is not obliged to provide unsolicited advice that could compromise its impartiality. *See* 28 U.S.C. § 455 ("Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

DeForte also argues that dismissal would be a severe sanction because his counsel is a "[solo] practitioner facing off against well[-]represented Defendants." Appellant's Br. 22. He relies on a concurrence from one of our cases that noted a "substantial disparity

---

[3] Regardless, after carefully reviewing the District Court's opinion, we find no error.

between the parties, in terms of their financial resources and the competency of their counsel." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 754 (3d Cir. 1982) (Fullam, J., sitting by designation, concurring). That passing observation neither excuses DeForte's counsel's shortcomings in the District Court nor relaxes the summary judgment standard that we must apply.

*       *       *

For these reasons, we will affirm the District Court's order granting summary judgment.